IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:22-cr-00015 |
| vs. | : Chief Judge Algenon L. Marbley |
| CHRISTOPHER VOLDEN, | : |
| Defendant. | : |

## ORDER

This matter is before the Court on Defendant Christopher Volden's Motion to Reconsider Sentencing (ECF No. 51). On December 2, 2022, this Court sentenced Defendant to forty-eight (48) months of incarceration, three years of supervised release, forfeiture as outlined in the Forfeiture Allegation of the Information (ECF No. 18), imposed a fine of $30,000, and applied a special assessment of $200, for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1) and (b)(1). (*See* ECF No. 49). Defendant now asks this Court to reconsider its imposition of the $30,000 fine. The Government does not oppose Defendant's motion.

Although "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence," *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006), the district court may modify a sentence pursuant to Rule 35 of the Federal Rules of Civil Procedure.[1] *See* 18 U.S.C. § 3582(c). Rule 35 provides two circumstances in which modification may be appropriate: "(1) under subsection (a), 'the court may correct a sentence

---

[1] Defendant does not explain the legal authority pursuant to which he asks for reconsideration.

that resulted from arithmetical, technical, or other clear error' within fourteen days after sentencing; and (2) under subsection (b), 'the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person,' but only '[u]pon the government's motion,' and subject to further conditions if said motion is made more than one year after Defendant was initially sentenced." *United States v. Byrd*, No. 3:12-cr-00043, 2016 WL 1090981, at *3 (S.D. Ohio Mar. 21, 2016) (quoting Fed. R. Crim. P. 35(a), (b)).

Although this Court is sympathetic to Defendant's argument that his financial condition at the time of his sentencing did not reflect an ability to pay, contrary to the conclusion of the Final Presentence Report ("Final PSR") completed by the United States Probation Department, due to an arithmetical error,[2] the Court is powerless to grant Defendant's motion. The Sixth Circuit, in agreement with other circuits, has held that a "district court lack[s] jurisdiction to resentence [a defendant] beyond the fourteen-day limitation period set forth in Rule 35(a)." *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (citing *United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006)); *see also United States v. Phillips*, 597 F.3d 1190, 1197–99 (11th Cir. 2010); *United States v. Smith*, 631 F. App'x 181, 182 (4th Cir. 2016). Here, Defendant was sentenced on December 2, 2022. (*See* ECF Nos. 48, 49). Defendant's motion for

---

[2] Specifically, Defendant argues that the Final PSR's conclusion represented an accurate assessment of his net worth in June 2022, but did not reflect his financial condition in December 2022, when he was sentenced. (ECF No. 51 at 1; *see* ECF No. 31 ¶¶ 93–98). With respect to income, Defendant states that his junk hauling business will no longer provide him with an income during his incarceration, and his prior income was spent rehabilitating his fiancée's flood-damaged home. (*See* ECF No. 51 at 1). His real property, cryptocurrency, and other property were seized during the execution of a search warrant in conjunction with this case and have since been forfeited. (*See id.*; *see also* ECF No. 18 at Forfeiture Allegation ¶ 2). Finally, his net worth ($30,379.86) was driven in large part by $30,000 in Bitcoin. (ECF No. 31 ¶ 93). Since the Report was last revised on June 7, 2022, however, the value of Bitcoin has dropped from $31,148.30 to $17,087.80 at the time of Defendant's sentencing (and further to $16,907.50 at the time of Defendant's motion for reconsideration), leading to a substantial decline in Defendant's net worth. *See Bitcoin to United States Dollar*, GOOGLE FINANCE, https://www.google.com/finance/quote/BTC-USD (last visited Apr. 27, 2023).

In short, while he may have had an ability to pay in June 2022, given his Bitcoin assets and monthly income, he no longer had an income and his assets had declined precipitously by the time of his sentencing.

reconsideration was not filed until December 20, 2022, more than 14 days after his sentencing.[3] In other words, the motion to reconsider the sentence was filed outside the limitations period set forth in Fed. R. Crim. P. 35(a).

Accordingly, because this Court lacks jurisdiction, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: May 22, 2023**

---

[3] The motion was filed fourteen days from the date that the judgment was filed on the docket, which was four days after the judgment was imposed and Defendant was sentenced. But "'sentencing' means the oral announcement of the sentence," which occurred on December 2, 2022. Fed. R. Crim. P. 35(c).